# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et.al.,<br><br>　　　　　　Defendants. | Case No.: 1:19-cv-00373-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 8] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 3, 2019, Plaintiff filed the instant action in the United States District Court for the Eastern District of California, Sacramento Division. On March 21, 2019, the action was transferred to this Court.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed February 14, 2019. Plaintiff contends that on several occasions he has been served meals that contains raw meat and tampered Kosher meals which has resulted in him having to forego eating some of his meals. Plaintiff seeks an injunction ordering prison officials to provide with cooked Kosher meals in order to meet his nutritional needs.

///

///

# I.

# DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

///
///
///
///

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

First, the Court has yet to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and no Defendant has been served or appeared in this action. Accordingly, the Court does not have personal jurisdiction over the persons he seeks to enjoin. Fed. R. Civ. P. 65(a)(1), (d)(2); Murphy Bros., Inc., 526 U.S. at 350. Second, there is an insufficient basis to find that Plaintiff is likely to prevail on the merits or that he faces any immediate or irreparable injury in the absence of extraordinary injunctive relief. Winter, 555 U.S. at 20. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 29, 2019**

UNITED STATES MAGISTRATE JUDGE