| | |
|---|---|
| ALLEN HAMMLER, | Case No.: 1:19-cv-00373-SAB (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |
| CLARK, et.al., | |
| Defendants. | [ECF No. 1] |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 3, 2019, Plaintiff filed the instant action in the United States District Court for the Eastern District of California, Sacramento Division. On March 21, 2019, the action was transferred to this Court.

## I.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review. Id.

With regard to exhaustion, Plaintiff checks the box "no" in response to the question of whether there is an available administrative process at his institution, stating he "has filed complaint anyway. (Compl. at 3, ECF No. 1.) Then, Plaintiff checks the box "yes" in response to whether he submitted an administrative appeal on his claim, and Plaintiff crossed out the question of whether he sought relief at the highest level of review. (Id.) In the body of his complaint, Plaintiff states that "having filed a 602 complaint that will take at lease [sic] six months to complete the process…." (Id. at 9-10.) It appears, based on the face of the complaint, that Plaintiff has not fully exhausted available administrative remedies prior to brining suit. Plaintiff's allegations suggest that he ceased litigating his appeal, and did not file an appeal to the highest level or receive a decision at that level prior to filing suit. Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in

compliance with the PLRA, section 1997e(a).  Plaintiff is again advised that if the Court concludes that he failed to exhaust the administrative remedies, the dismissal will be without prejudice, to refiling if and when exhaustion of the administrative remedies is complete.

### III.
### CONCLUSION

Accordingly, it is HEREBY ORDERED that

1. Plaintiff must show cause in writing within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit; and

2. <u>The failure to comply with this order or to show good cause will result in a recommendation to dismiss the action without prejudice.</u>

IT IS SO ORDERED.

Dated: __April 3, 2019__

UNITED STATES MAGISTRATE JUDGE