|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, | ) Case No.: 1:19-cv-00373-AWI-SAB (PC) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER DISCHARGING ORDER TO SHOW REGARDING EXHAUSTION OF THE ADMINISTRATIVE REMEDIES |
| CLARK, et.al., | ) [ECF Nos. 18, 24] |
| Defendants. | ) |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 4, 2019, the Court issued an order for Plaintiff to show cause why the action should not be dismissed for failure to exhaust the administrative remedies. After receiving an extension of time, Plaintiff filed a response to the order on May 13, 2019.

Based on Plaintiff's allegations in the response to the order to show cause, the Court will discharge the order because the issue of whether Plaintiff adequately exhausted the administrative remedies cannot be resolved at the pleading stage. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's

concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166. Plaintiff is advised that the Court will screen his complaint pursuant to 28 U.S.C. § 1915A in due course.

IT IS SO ORDERED.

Dated: __May 14, 2019__

UNITED STATES MAGISTRATE JUDGE