**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER, | ) Case No.: 1:19-cv-00373-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION<br>) RECOMMENDING PLAINTIFF'S MOTION |
| CLARK, et.al., | ) FOR A TEMPORARY RESTRAINING ORDER<br>) BE DENIED |
| Defendants. | ) |
| | ) [ECF No. 29] |
| | ) |
| | ) |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed June 17, 2019.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1 to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

2 favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council,

3 Inc., 555 U.S. 7, 20 (2008).

4       "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

5 granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v.

6 Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party

7 seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion

8 is unsupported by evidence.

9       Federal courts are courts of limited jurisdiction and in considering a request for preliminary

10 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an

11 actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge

12 Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If

13 the Court does not have an actual case or controversy before it, it has no power to hear the matter in

14 question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

15 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

16 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive

17 means necessary to correct the violation of the Federal right."

18       A federal court may issue emergency injunctive relief only if it has personal jurisdiction over

19 the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe

20 Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required

21 to take action in that capacity, only upon service of summons or other authority-asserting measure stating

22 the time within which the party served must appear to defend."). The Court may not attempt to

23 determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229,

24 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

25       Plaintiff seeks a temporary restraining order to enjoin Defendants and the Warden at California

26 State Prison-Corcoran (CSP-COR) from searching his cell and legal files.

27 ///

28 ///

This action arises out of the alleged violation of Plaintiff's right under the First Amendment, and the pendency of this case does not provide Plaintiff with standing to seek relief directed at enjoining Defendants from searching his cell. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's inability to meet the "'irreducible constitutional minimum of standing'" with respect to the relief he seeks is fatal to his motion. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103-04 (1998) (quoting Lujan, 504 U.S. at 560-61). Further, Plaintiff's evidence attached to his motion belies his claim that his cell is being searched outside his presence. Rather, Plaintiff attaches a declaration by Lieutenant Randolph at CSP-COR, submitted in Hammler v. Wright, 2:15-cv-1645-TLN-EFB P, in which he declares no one has searched Plaintiff's "legal property outside his present after it was delivered to him." (Mot. Attach. A, ECF No. 29.) Randolph further declares that "[t]he only instances in which inmate Hammler would have been 'separated' from his legal property are when he appears to be, or expresses that, he is suicidal, which inmate Hammler has done many times. In that case, inmate Hammler would be re-housed in a crisis bed outside this facility in order to receive the treatment he needs, but his property does not go with him because crisis bed inmates are restricted in the items they have access to so as to eliminate the risk of self-harm. The restriction on inmate access to property in crisis bed is directed by Department policy and beyond my control. Otherwise, inmate Hammler has not been restricted from accessing his legal property while in the SHU." (Id.) Further, the cell/locker search receipt form indicates that excess trash was removed from his cell, plastic bags were removed because they are not allowed, and towels were removed because they were altered. (Mot. Attach. B.) Thus, Plaintiff has not shown that he will suffer irreparable harm if injunctive relief is not granted.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a temporary restraining order be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

1 Recommendation." Plaintiff is advised that failure to file objections within the specified time may

2 result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)

3 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5 IT IS SO ORDERED.

6 Dated:    **June 18, 2019**

7                                                    UNITED STATES MAGISTRATE JUDGE