UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>[ECF No. 29, 30] |

    Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 18, 2019, the Magistrate Judge issued a Findings and Recommendation recommending that Plaintiff's motion for a temporary restraining order be denied. (ECF No. 30.) The Findings and Recommendation was served on Plaintiff and contained notice that objections were due within twenty-one (21) days. (Id.) Plaintiff filed timely objections on July 8, 2019.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the ultimate conclusion of the Findings and Recommendations to be supported by the record and by proper analysis.

1

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Defendants have not yet been served in this case. The court lacks personal jurisdiction over those persons.

Second, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008). Plaintiff's overall case concerns alleged denials of religious meals in violation of the First Amendment. Plaintiff's motion for a temporary restraining order seeks to prohibit prison officials from searching his cell (which includes his legal papers) and outside of his presence and throwing away meal wrappers Plaintiff wishes to use as evidence. The subject matter of the temporary restraining order motion is not directly related to the relief requested in the complaint. Plaintiff has not exactly shown how the preliminary injunction standard is met. Generally, requests to enjoin cell searches on a preliminary basis are denied. See, e.g. Robinson v. Adams, 2011 U.S. Dist. LEXIS 88427, *5 (E.D. Cal. Aug. 9, 2011) ("the relief sought is not related to the underlying claims in this action and would not remedy the violation of the Federal right at issue here"); White v. Johansson, 2014 U.S. Dist. LEXIS 176908, *3 (W.D. Wash. Dec. 1, 2014) ("the issues and relief sought in Mr. White's motion are completely unrelated to the claims raised in this lawsuit"); Johnson v. Nash, 2011 U.S. Dist. LEXIS 152580, *12 (D. Nev. Sep. 1, 2011) ("the underlying action includes religious rights claims; however, they are also unrelated to plaintiff's current assertion that his cell was searched and his property destroyed in retaliation for his religion"). Regarding Plaintiff's request to keep the meal wrappers, he may try to make a motion to preserve evidence once the persons who have searched his cell have been served in this case. See e.g. Jacobs v. Scribner, 2007 U.S. Dist. LEXIS 51729, *2 (E.D. Cal. July 5, 2007) ("A motion to preserve evidence requires the court to consider '1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing

preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation.'"), quoting <u>Daniel v. Coleman Co., Inc.</u>, 2007 U.S. Dist. LEXIS 36285, *2 (W.D. Wash. May 17, 2007).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendation filed on June 18, 2019, is adopted in part; and
2. Plaintiff's motion for a temporary restraining order, filed on June 17, 2019, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: August 23, 2019

SENIOR DISTRICT JUDGE