# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>[ECF No. 51] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default, filed October 7, 2019.

This action is proceeding against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik and Clark for violation of the First Amendment.

Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A)(ii).

///

///

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Plaintiff contends that Defendants were served on August 21, 2019, and sixty days has elapsed without filing an answer. Plaintiff's contention is factually incorrect, as sixty days from August 21, 2019, does not elapse until October 20, 2019. Thus, Plaintiff's contention that defendants are in default is completely without merit. Plaintiff is advised that filing meritless and factually incorrect motions signed under penalty of perjury may have both civil and criminal consequences. All parties, even those appearing in pro per, must pay close attention and not file frivolous and meritless matters with the court. A review of the record demonstrates that the requests for waiver of service were received on August 22, 2019, and filed with the Court on September 18, 2019. (ECF No. 48.) Therefore, pursuant to the waivers of service, Defendants are not required to answer the complaint until sixty days thereafter, i.e. October 21, 2019. See Fed. R. Civ. P. 6(a)(1)(C). Accordingly, Plaintiff's request for entry of default is DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated: **October 9, 2019**

UNITED STATES MAGISTRATE JUDGE