**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>  v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION OF INTENT TO AMEND THE COMPLAINT AND PRESERVE THE RIGHT TO AMEND<br><br>[ECF No. 55] |

       Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

       Currently before the Court is Plaintiff's motion of intent to amend the complaint and preserve the right to amend, filed October 17, 2019. Plaintiff's motion must be denied.

       On October 7, 2019, Plaintiff filed a request for entry of default. On October 9, 2019, the undersigned denied Plaintiff's request.

       Based on a review of Plaintiff's instant motion, it appears that he is seeking to preserve the right to move to amend based on his request for a copy of the initial complaint which was filed on October 11, 2019, and self-dated by Plaintiff on October 8, 2019. On October 16, 2019, the Court denied Plaintiff's request for a copy of the initial complaint because he failed to demonstrate a need for such copy and he was advised that the Court does not ordinarily provide free copies of case documents to parties.

Rule 15(a)(1) provides that a party may amend a pleading once as a matter of course within either twenty-one days of serving it or twenty-one days of a responsive pleading being served. Fed. R. Civ. P. 15(a)(1). Otherwise, the party may amend only upon leave of the court. Fed. R. Civ. P. 15(a)(2). Plaintiff's motion shall be denied, without prejudice.

Plaintiff is advised that Defendants have yet filed an answer and Plaintiff has not properly moved to amend the complaint. In addition, Local Rule 137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint. Without a copy of the proposed amendment the Court cannot review the nature of the claims to determine whether to grant leave to amend. See Hicks v. Hamkar, Case No. 2:13-cv-1687 DAD P, 2015 WL 1393229, at *6 (E.D. Cal. 2015); see also Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009 ) (the Ninth Circuit has held that district courts do not abuse their discretion by denying leave to amend based on the party's failure to attach a proposed amended complaint); Lanier v. Fresno Unified Sch. Dist., Case No. 1:09-cv-01779-AWI-BAM, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013) ("The Court has discretion to deny a motion to amend for the failure to attach a proposed pleading as required by local rule.") (citing Waters v. Weyerhaeuser Mortgage Co., 582 F.2d 503, 507 (9th Cir. 1978). Furthermore, the Court does not give advisory opinions on issues not presently before it. See Thomas v. Anchorage Equal Rights Commission, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (The court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion of intent to amend the complaint and preserve the right to amend is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **October 21, 2019**

UNITED STATES MAGISTRATE JUDGE