UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK, et.al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND POST SECURITY AND PLAINTIFF'S MOTION TO FILE A SURREPLY<br><br>[ECF Nos. 56, 61] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to declare Plaintiff a vexatious litigant and require the posting of security, filed October 21, 2019.

**I.**

**RELEVANT BACKGROUND**

This action proceeds against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik and Clark for violation of the First Amendment.

As previously stated, on October 21, 2019, Defendants filed a motion to declare Plaintiff a vexatious litigant and require the posting of security. Plaintiff filed an opposition on November 8, 2019, and Defendants filed a reply on November 14, 2019. Defendants' motion is deemed submitted

1

for review without oral argument. Local Rule 230(l). On December 3, 2019, Plaintiff filed a request to file a surreply, along with a copy of the proposed surreply. (ECF Nos. 61, 62.)

**II.**

**DISCUSSION**

### A. Defendants' Motion

Defendants seek to have Plaintiff declared a vexatious litigant, and post security in the amount of $4,640.00. Local Rule 151(b) of the Eastern District of California, provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b) (emphasis added). Defendants argue that Plaintiff is a vexatious litigant as defined by California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

### B. Vexatiousness Under Federal Law

The Court finds that Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. Because Local Rule 151(b) is a procedural rule, the Court must look to federal substantive law, not California law, for the definition of vexatiousness and whether posting of security should be required. See, e.g., Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant."); Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("… the state

2

statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent…. [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); Stringham v. Bick, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (although more than five unsuccessful lawsuit had been filed in the preceding seven years, the court could not find that the filings were so "numerous or abusive" or "inordinate" to warrant a vexatious order).

The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is an extreme remedy that should rarely be used. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A pre-filing order can tread on a litigant's due process right of access to the courts and it should not be entered with undue haste or without a cautious review of the pertinent circumstances. Id. (citation omitted). The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Id. at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

In order to sanction a litigant pursuant to the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). "Bad faith" mean a party or counsel acted vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991). Under federal law, litigiousness alone

is insufficient to support a finding of vexatiousness.  See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit).  The Ninth Circuit has defined vexatious litigant as "without reasonable or probable cause or excuse, harassing, or annoying."  Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

Defendants argue that Plaintiff has commenced or maintained ten unsuccessful lawsuits in the past seven years, and he is unlikely to succeed on the merits of this case.[1]  Defendants have cited the following ten cases in support of their motion:

1. Hammler v. Kernan, et. al., E.D. Cal., No. 3:18-cv-01170-DMS-NLS

Plaintiff filed this action on June 4, 2018, against prison officials for an alleged breach of contract relating to being placed in a sensitive needs yard as well as retaliation in connection with rules violation reports for Plaintiff's refusal to be housed as assigned.  After granting Plaintiff leave to file an amended complaint, Plaintiff filed a first amended complaint on November 13, 2019.  The Court dismissed the first amended complaint for failure to state a cognizable claim and frivolous on December 10, 2018.  (Defs.' Req. for Judicial Notice ("RJN"), Ex. 3, at 49-92.)

2. Hammler v. Melendez, et al., E.D. Cal., No. 2:18-cv-05588-EFB

Plaintiff filed this action on March 19, 2018, against prison officials for an allegedly falsified rules violation report arising out of High Desert State Prison.  After requesting two extensions of time to file his in forma pauperis application, on June 1, 2018, Plaintiff elected to withdraw his complaint and dismiss the action.  The action was dismissed with prejudice.  (RJN, Ex. 4, at 93-114.)

3. Hammler v. Director of CDCR, N.D. Cal., No. 1:17-cv-00097-NVJ

In this action, filed on January 9, 2017, Plaintiff brought a § 1983 action and a motion for a temporary restraining order ("TRO"), seeking to stop his forced medication with psychotropic drugs.  The Court granted Plaintiff in forma pauperis status, denied the TRO, and dismissed the complaint with leave to amend.  After Plaintiff failed to amend the complaint, the action was dismissed on April 27, 2017.  (RJN, Ex. 5 at 115-125.)

---

[1] Defendants' request to take judicial notice ("RJN") of the ten cases is granted.  (ECF No. 56-2); See Fed. R. Evid. 201; see also United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases).

4

4.      Hammler v. Kirkland, et al., E.D. Cal., No. 2:16-cv-01944-CMK

In this action, Plaintiff sought in forma pauperis status, and $60,000 for mental and emotional distress associated with his prison food tray. He subsequently filed a motion to withdraw the complaint, and the case was voluntarily dismissed on June 7, 2017. (RJN, Ex. 6 at 126-155.)

5.      Hammler v. Pita, et al., C.D. Cal., No. 2:16-cv-01684-JGB-SP

Plaintiff filed this action on March 11, 2016, for excessive force and retaliation claims against prison officials for allegedly trying to murder him. Plaintiff voluntarily dismissed the action on July 21, 2016, after his motion for a TRO was denied. (RJN, Ex. 7 at 156-196.)

6.      Hammler v. Macomber, E.D. Cal., No. 2:15-cv-01913-AC

Plaintiff brought this action under § 1983, alleging that his constitutional rights were violated in relation to the prison inmate appeals system. Plaintiff withdrew his complaint, seeking to voluntarily dismiss the action, which was granted on December 16, 2015, and the case was dismissed. (RJN, Ex. 8 at 197-239.)

7.      Hammler v. Director of CDCR, E.D. Cal., No. 2:15-cv-00307-JAM-EFB

Plaintiff filed this action as a habeas petition, challenging his assignment to "C-status," and sought the return of his property. Plaintiff's complaint was dismissed without prejudice to his filing an action under § 1983 and the case was closed on November 4, 2015. (RJN, Ex. 9 at 240-248.)

8.      Hammler v. Linkus, Los Angeles County Superior Court, No. 16K14541

In this action, Plaintiff alleged libel against prison officials for a negative chrono placed in his prison file. Defendant's demurrer to Plaintiff's complaint was sustained without leave to amend on August 8, 2017. (RJN, Ex. 10 at 249-271.)

9.      Hammler v. Godfrey, et al., Los Angeles Superior Court, No. 16K03901

In this action, Plaintiff alleged Eighth Amendment violations by prison officials for allegedly interfering with his right to sleep. Defendant's demurrer to Plaintiff's complaint was sustained without leave to amend, and his request for a preliminary injunction denied on December 21, 2016. (RJN, Ex. 11 at 272-294.)

10.     Hammler v. Davis, et al., Lassen County Superior Court, No. JC58661

In this action, Plaintiff alleged defamation against a prison library technician because she

allegedly told him that "she believed [Plaintiff] was using the library to 'drum up business' because she'd heard about [Plaintiff] charging large amounts of money to aid other inmate/prisoners." Defendant's demurrer to Plaintiff's complaint was sustained without leave to amend and the case dismissed on May 23, 2015. (RJN, Ex. 12 at 295-320.)

Defendants have demonstrated that Plaintiff has had at five cases decided adversely against him in the past seven years. However, to sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Defendants contend that Plaintiff is a vexatious litigant as defined by California law, and therefore this Court should require him to post security. Defendants, however, rely exclusively on California law and do not address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. Defendants merely cite the ten cases listed above and argue that these cases were decided adversely against him in the past seven years, which is the vexatious standard under California law. See Cal. Civ. Proc. Code § 391(b)(1) (A person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person …" is a vexatious litigant.). Defendants do not address or apply the federal standard of vexatiousness and have failed to demonstrate that Plaintiff's actions were "patently without merit" or filed with the intent to harass Defendants. Molski, 500 F.3d at 1059-60. Therefore, the Court declines to find, based on the record before it, that Plaintiff is a vexatious litigant under federal law, and Defendants' motion to declare Plaintiff a vexatious litigant should be denied. Moreover, the mere fact that the United States District Court for the Southern District of California and state court determined Plaintiff to be a vexatious litigant and subject to pre-filing orders in those courts, is not binding on this Court, and there is insufficient briefing for this Court to make any vexatious finding under the applicable federal law.

**C.    Reasonability Probability of Prevailing on Merits**

Even if the Court found Plaintiff qualified as a vexatious litigant under federal law, Defendants have failed to demonstrate that there is no reasonable probability of Plaintiff's prevailing on the merits.

Plaintiff is proceeding on his claim that Defendants failed to provide him religious adequate meals on numerous occasions.

Defendants argue that Plaintiff lacks a reasonable probability of prevailing on the merits because his allegations, at most, demonstrate a de minimis burden on his exercise of religion. Defendants also argue that Plaintiff is requesting injunctive relief only, which he is not likely to obtain on the facts of this case.

In determining whether there is no reasonable probability of success, a court may determine whether a claim is foreclosed as a matter of law, but it may also weigh the evidence. Golin v. Allenby, 190 Cal.App.4th 616, 642 (2010) (stating inability to prevail standard may be shown by weight of evidence or lack of merit); see also Moran v. Murtaugh Miller Meyer & Nelson, LLP., 40 Cal.4th 780, 784-85 (2007).

Defendants did not submit any evidence to evaluate the merits of Plaintiff's claim, but rather argue that Plaintiff's claim fails as a matter of law. The Court does not agree.

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Courts apply a four-part test to balance the inmate's free exercise right against the state's legitimate penological interests to determine if a regulation is reasonable and constitutional. Turner, 482 U.S. at 89.

The Ninth Circuit has recently explained:

> A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden…places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert

substantial pressure on an adherent to modify his behavior and to violate his beliefs…. To ensure that courts afford appropriate deference to prison officials, the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be judged under a reasonableness test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights. The challenged conduct is valid if it is reasonably related to legitimate penological interests.

Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal quotations and citations omitted). "It was well established in 2007, and remains so today, that government action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Id. at 1033.

Under the free exercise clause, inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (quoting McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987)).

Defendants argue that "Plaintiff's complaint of food span a period of 154 days, between July 25, 2018, and December 25, 2018. At three meals a day, Plaintiff received 462 meals during that time. Combining all of his issues with food service during that time, Plaintiff alleges he received food that was unsatisfactory to him on twenty occasions." (Mot. at 12:17-21, ECF No. 56.)

Defendants mischaracterize Plaintiff's claim as presented in the complaint. In the complaint, Plaintiff alleges, in pertinent part, the following:

> Plaintiff is a prisoner of the Rastafarian faith who firmly adheres to the dietary laws outlined in the Old Testament's Book of Leviticus and thus cannot eat raw meat or non-Kosher foods.
>
> However, Plaintiff has continually, from the date of 7/25/18 to the present date has been being served visibly raw meat and when he has brought it to the officers (C/O) attention and requested that they call the kitchen for a fully cooked replacement he has had C/O(s) refuse to call and cause him to go without food. This, on more than 20 occasions, and continues to date.
>
> Plaintiff began receiving meals that were open already when they were not suppose [sic] to be opened, the seals tampered with prior to being conveyed to him. The meals are cooked [sic] partially and platted in an off[s]ite kitchen and sent on a da[i]ly basis to main kitchen where they are to be then placed into a special oven to be completely cooked befor[e] they are given to the prisoners.

8

> [T]his process was not being followed by cooks who were using microwave instead to save time because the ovens take time to use, and in using microwave to cook Kosher meals that are sealed in plastic were causing the meals to burst open. Plaintiff was able to notice this and began to complain. As a result the cooks started placing his name "Hammler" on meals designated for him. Meals of which were not being placed in microwave, or oven to avoid having the complaints of open meals lodged.
>
> However, this engendered a whole new basis for complaints as the Kosher meals though no longer being conveyed open were now being conveyed raw….
>
> Plaintiff has lost weight and has been continually receiving mental counseling due to issues surrounding his continually being denied food for[] refusing to eat raw meat. See Ex. "B", CDCR 22 Forms signed by C/Os of CSP/COR 8 in all. (However, Plaintiff can provide 22 Form(s) going, day for day, as far back as 9.29.2018 when able to procure copies.)

(Compl. at 3-5, ECF No. 1.)

Further, contrary to Defendants' argument, Plaintiff's allegations do not demonstrate that he was provided an accommodating meal replacement. Rather, Plaintiff's allegations demonstrate that he requested a replacement meal on several occasions but none were provided. Plaintiff alleges "that in not one of the recorded instances has he been provided a replacement meal, of the more than (20) twenty instances." (Compl. at 8.)

Plaintiff has alleged that he has been provided meals that conflict with his religious beliefs continuously from July to December 2018. Plaintiff attaches fourteen CDCR Form 22 requests complaining of the inadequate meals to demonstrate the inadequacy of the meals. Defendants argue that of the twenty complaints only seven concern his claim of being served raw meat. However, based on allegations in the operative complaint, Plaintiff's claim encompasses the denial of all meals that do not comport with his religious meals, not just the serving of raw meat.

At the pleading stage, Plaintiff is not required to submit all evidence in support of his claims, and based on the allegations in the operative complaint, Plaintiff has stated that he can provide more CDCR Form 22 requests demonstrating the denial of appropriate food as far back as September 29, 2018. Indeed, parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). The Court finds that in order to adequately determine whether there was a substantial

burden on Plaintiff's exercise of his religion, it must have before it a fully developed record. Therefore, the Court declines to find as a matter of law, absent evidence to the contrary, that Plaintiff's allegations constituted only a short-term and sporadic intrusion into his religious practice. Accordingly, Defendants' motion should be denied. In light of this recommendation, Plaintiff's motion to file a surreply should be denied as moot.

## III.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to require Plaintiff to post security as a vexatious litigant be denied;

2. Plaintiff's motion to file a surreply be denied as moot; and

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 13, 2019__

UNITED STATES MAGISTRATE JUDGE