# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>  Plaintiff,<br><br>  v.<br><br>CLARK, et.al.,<br><br>  Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 64] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed December 23, 2019.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

Plaintiff seeks a preliminary injunction seeks a court order directing prison officials at California State Prison, Corcoran to stop, intermittently, serving his food that does not comport with his religious beliefs. This action is proceeding against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik and Clark for violation of the First Amendment, namely, failure to provide appropriate food to accommodate

his religious beliefs. "The fact that Plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, *ipso facto*, entitle him to a preliminary injunction." Claiborne v. Blauser, No. 2:10-cv-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommendation adopted, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Plaintiff has failed to "clearly show" that he currently faces "immediate and irreparable loss or injury" based on the claim that he is occasionally served food that does not comport with his religious beliefs. In addition, at the pleading stage, the Court cannot determine that whether Plaintiff's claim has merit, versus a determination that his claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Indeed, Defendants have not yet filed an answer or submitted evidence. Accordingly, Plaintiff's motions for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 27, 2019**

UNITED STATES MAGISTRATE JUDGE