# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, WITHOUT PREJUDICE<br><br>[ECF No. 66] |

Plaintiff Allen Hammler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed January 8, 2020. The Court finds the motion suitable for review without an opposition. Plaintiff contends that he wishes to amend the complaint, but cannot do so without a copy of his initial complaint which he was not able to retain. (ECF No. 66.). However, Plaintiff fails to indicate why he wishes to amend for the Court to determine whether amendment is proper.

Rule 15(a)(1) provides that a party may amend a pleading once as a matter of course within either twenty-one days of serving it or twenty-one days of a responsive pleading being served. Fed. R. Civ. P. 15(a)(1). Otherwise, the party may amend only upon leave of the court. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Plaintiff is advised that Defendants have not yet filed an answer and Plaintiff has not properly moved to amend the complaint. In the interest of justice, the Court will make a one-time exception and provide Plaintiff with a copy of the initial complaint. However, Plaintiff is advised that the Clerk of Court does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. Nonetheless, the Court will make a one-time exception in this circumstance. The Court expresses no opinion as to whether any future motion to amend may be granted.

///
///
///
///
///
///
///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is denied, without prejudice; and
2. The Clerk of Court is directed to send Plaintiff a courtesy copy of the initial complaint filed on January 3, 2019 (ECF No.1) on Plaintiff at his address of record.

IT IS SO ORDERED.

Dated: **January 9, 2020**

UNITED STATES MAGISTRATE JUDGE