UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 12, 2020 ORDER<br><br>(Doc. Nos. 79, 82) |

Plaintiff Allen Hammler is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's March 12, 2020 order denying his request for a preliminary injunction, filed March 23, 2020. (Doc. No. 79.) On March 30, 2020, Plaintiff filed an addendum to his motion for reconsideration. (Doc. No. 82.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). "A party seeking reconsideration must show more than a disagreement with

1

the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. <u>United States. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u> <u>Kern–Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff contends that the Court's March 12, 2020 order is based on a false showing that his weight is stable and that he is not being denied meals on a daily basis. (Doc. No. 79.) In support of his motion, Plaintiff submits documentation that he was provided Boost nutritional drink on March 4, 2020, and he was served spoiled food on March 26, 2020. (Doc. No. 82.)

Here, Plaintiff has not presented any other reasons justifying relief from judgment. Plaintiff has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). As stated in the Court's March 12, 2020, order:

> Defendants have submitted evidence that Plaintiff is receiving meals three times a day. Importantly, Defendants have also demonstrated that Plaintiff is 5' 6" tall and that his weight fluctuates several pounds around 130 lbs. <u>See id.</u> Defendants have also submitted a printout from the Centers for Disease Control that shows his Body Mass Index is normal (using 5' 6" and 127 lbs.) and that a normal weight range for a 5' 6" individual is between 115 to 154 pounds. <u>See id.</u> There is nothing startling about Plaintiff weighing "only" 127 lbs.

(Order at 2:11-17, ECF No. 75.)

The fact that Plaintiff weighs 125 pounds and was provided Boost nutrient drink in March 2020 does not warrant the issuance of a preliminary injunction and/or reconsideration of the Court's March 12, 2020, order, for the same reasons set forth above. In addition, the fact that a *portion* of Plaintiff's March 26, 2020 dinner meal was "spoiled," while unfortunate, does not warrant injunctive relief. Further, the fact that Plaintiff was provided Boost nutrient drinks indicates that prison officials are monitoring Plaintiff and taking steps to ensure that he receives appropriate nutrition. Therefore,

Plaintiff fails to allege sufficient facts that would lead the Court to conclude he is likely to suffer "immediate and irreparable injury." See Fed. R. Civ. P. 65(b).

Accordingly, Plaintiff's motion for reconsideration of the Court's March 12, 2020, order is denied.

IT IS SO ORDERED.

Dated:   May 7, 2020

SENIOR DISTRICT JUDGE