UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et.al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>[ECF No. 88] |

　　　　Plaintiff Allen Hammler is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for summary judgment, filed on May 13, 2020.

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik, and Clark for violation of the First Amendment right to free exercise of religion.

　　　　On April 7, 2020, Defendants filed an answer to Plaintiff's complaint. On April 8, 2020, the Court issued the discovery and scheduling order.

1

As previously stated, on May 13, 2020, Plaintiff filed the instant motion for summary judgment. Defendants filed an opposition on June 3, 2020. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

### A.   Summary Judgment Standard

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, id., and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.  Allegations of Complaint

Plaintiff alleges that he follows a Rastafarian faith which prohibits the consumption of raw meat. Plaintiff is a participant in CDCR's religious diet program and receives kosher meals. Plaintiff claims that he received raw meat in his meals on several occasions at Corcoran and has alerted Defendants to the problem, but he continues to receive raw meat in his meals. Plaintiff contends that because he is being provided only raw meat, which he is prohibited from eating due to his religious beliefs, he is unable to eat and is becoming sick and weak.

### C.  Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment recites the allegations in his complaint regarding being served raw meat which is contrary to his religious beliefs.

In opposition, Defendants argue that Plaintiff's motion should be denied as procedurally and substantively deficient because it does not contain a statement of undisputed facts with citations to support evidence, or set forth any legal authority establishing the elements of his claims, nor submit any evidence meeting that burden.

Plaintiff's motion for summary judgment is defective in that Plaintiff's undisputed facts are simply assertions of brief legal conclusions. (ECF No. 88.) Local Rule 260(a), specifically requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Although Plaintiff sets forth three statements of undisputed facts, the statements are broad legal conclusions, and not specific statements of fact. Further, Plaintiff's statement of undisputed facts fails to cite to any pleading, affidavit, deposition, interrogatory, answer, admission, or other document relied upon to establish the "facts" he claims are undisputed. Thus, Plaintiff, as the moving party, has failed to produce evidence to meet his initial burden of proof, and the burden therefore has not shifted to Defendants. Accordingly, Plaintiff's motion for summary judgment should be denied, without prejudice.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed on May 13, 2020, be denied, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2020**

UNITED STATES MAGISTRATE JUDGE

4