UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 100) |

Plaintiff Allen Hammler is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed July 31, 2020.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik, and Clark for violation of the First Amendment right to free exercise of religion.

On April 7, 2020, Defendants filed an answer to Plaintiff's complaint. On April 8, 2020, the Court issued the discovery and scheduling order.

As previously stated, on July 31, 2020, Plaintiff filed the instant motion to compel. Defendants filed an opposition on August 24, 2020, and Plaintiff filed a reply on September 4, 2020.

1

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 84.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff moves to compel further responses to all of his interrogatory responses by Defendants Uhlik and Clark.

Defendants oppose Plaintiff's motion and argue that Plaintiff has not provided adequate notice to Defendants of the basis of his motion.

In reply, Plaintiff argues that he is entitled to information regarding the preparation of the meals from outside sources.

3

Plaintiff has not individually addressed any particular discovery request, nor demonstrate that any specific response thereto is deficient. Rather, Plaintiff contends that defense counsel opted "to enter into subterfuge" and that because the prison purchases precooked kosher meals, "The door has been opened by such claim and I should be granted leave to walk through and whipe (sic) my foot on the welcome mat that counsel has placed before me. All information related to the kosher meals and their pass through commerce up until they arrive at my cell door for me to consume is probative." (Mot. at 3, ECF No. 100.) However, in seeking to compel further responses, Plaintiff must put Defendants on notice as to the alleged deficiencies of each of their responses. Here, based on the attachments to Plaintiff's reply, Defendants provided timely responses to Plaintiff's interrogatories, and answered in good faith and to the best of their ability where appropriate, and make particularized objections based on improper, irrelevant or overbroad interrogatories. Plaintiff's vague assertion that he is entitled to information in regarding the preparation of the meals from outside contractors is not sufficient to support the motion to compel. Consequently, Plaintiff's motion to compel must be denied.

Plaintiff is advised that any future motion to compel must individually analyze each discovery request and response and set forth arguments to explain how Defendants' objections to each request are improper. Plaintiff's motion to compel must notify Defendants how each response is deficient. Specifically, the motion to compel must: 1) set forth each disputed request exactly as Plaintiff phrased it in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original response, and 3) address each objection made by Defendants and explain how each objection is deficient or improper. Plaintiff may not simply file a motion to compel that identifies the discovery requests in dispute and then provide only vague and general conclusions regarding the alleged inadequacy of Defendants' responses. As the moving party, Plaintiff bears the burden of informing

///
///
///
///

the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why Defendants' objection is not justified. Plaintiff may not simply assert that he wants an order compelling responses. Accordingly, Plaintiff's motion to compel must be denied.

IT IS SO ORDERED.

Dated:   **September 15, 2020**

UNITED STATES MAGISTRATE JUDGE