UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00373-AWI-SAB (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL, AND DENYING DEFENDANTS' MOTION TO COMPEL AS MOOT<br><br>(ECF Nos. 107, 108) |

Plaintiff Allen Hammler is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed October 13, 2020, and Defendants' motion to compel, filed on October 14, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Gamboa, Peterson, Garza, Saucedo, Uhlik, and Clark for violation of the First Amendment right to free exercise of religion.

On April 7, 2020, Defendants filed an answer to Plaintiff's complaint. On April 8, 2020, the Court issued the discovery and scheduling order.

On October 13, 2020, Plaintiff filed the instant motion to compel. (ECF No. 108.)

1

1  On October 14, 2020, Defendants filed a motion to compel.  (ECF No. 107.)

2  On November 4, 2020, Defendants filed an opposition to Plaintiff's motion to compel.  (ECF
3  No. 109.)

4  On November 17, 2020, Plaintiff filed an opposition to Defendants' motion to compel.  ECF
5  No. 110.)

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 84.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL

6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request...to inspect and copy any designated documents...which are in the possession, custody or control of the party upon whom the

request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) ); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3–4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

## III.
## DISCUSSION

**A.   Plaintiff's Motion to Compel**

Plaintiff seeks to compel further responses to his second set of requests for production of documents, namely, log books, CDCR 114-A forms, and a complete copy of the Plan of Operation for California State Prison, Corcoran (CSP-Corcoran).

Defendants oppose Plaintiff's motion and argue they provided timely and good faith responses to Plaintiff's requests for production, and made proper objections.

As an initial matter, Plaintiff has failed to meet his burden in demonstrating which discovery requests are the subject of his motion to compel and why each response is insufficient. See Local Rule 250.3 (a party is required to file the requests for production and responses that are at issue as part of the proceeding). Nonetheless, based on the information in Plaintiff's motion and Defendants' opposition, the Court can adequately address the motion to compel without an actual copy of the relevant requests and responses thereto.

### A.     Unit Log Books

Plaintiff requested the "actual A.S.U. log book" that contains a record of all staff entering and exiting the housing unit.

In his motion to compel, Plaintiff argues that "the CDCR 114-A logs are used to record when meals are served, if they were accepted or refused, if in serving there was an issue with the meals, and the log books of ASU are to correspond to the 114-A Forms having a space labelled 'Report of Unusual Incidents' to log when such issues as a prisoner holding a food port in response to being served a ill prepared Kosher as I've done on a vast number of Dates that should be recorded and is Relevant, Highly Probative in this instance case." (Mot. at 4.)

Defendants argue the information sought in this request is not relevant to Plaintiff's claims that he was served raw meant, and it is not proportional to the needs of the case. Defendants contend "a unit log book would not contain information pertaining to the condition of individual meals, nor would it provide any information that could lead to admissible evidence relating to Plaintiff's claims that meat in his meals was raw." (Opp'n at 2-3.) Defendants also argue that the request of the log book entries for fourteen months would include entries on dates and information that is not related to this case and not relevant to any element of a claim or defense. (Id. at 3.) Lastly, Defendant contend that disclosure of the log book from administrative segregation would compromise the safety of inmates.

**Ruling:** Plaintiff's motion to compel production of the unit log books is granted. As Plaintiff explains, the log books contain a space for a report of unusual incidents which may include actions or inactions relating to the serving of Plaintiff's meals with raw meat. However, Defendants need only produce the unit log books for the period relevant to this action, i.e. from July 25, 2018 to January 3, 2019, as to information related only to this case. In addition, Defendants may redact any irrelevant

5

and confidential information or seek a necessary protective order to prevent disclosure of any confidential information.

### B.     CDCR 114-A Forms

Defendants submit that they produced all 114-A Forms for Plaintiff in their possession, custody, and/or control (Opp'n at 3), and Plaintiff has failed to present any evidence or argument to the contrary.

**Ruling:** Plaintiff's motion to compel is denied.  While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).  Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel further production is denied.

### C.     Plan of Operation for CSP-Corcoran

Plaintiff requested a complete copy of the Plan of Operations for the entire institution of CSP-Corcoran.

Defendants argue Plaintiff's request is overbroad, not proportional to the needs of the case, and would create safety and security concerns for the institution.  (Declaration of Sherman ¶¶ 3-4, ECF No. 109.)

**Ruling:** Plaintiff's motion to compel shall be denied. First, Plaintiff has failed to demonstrate that a complete copy of the Plan of Operations for CSP-Corcoran is relevant to his claims of being served Kosher meals with raw meat. Defendants correctly argue that "[t]he specifics of how CSP-Corcoran is run, which would include security measures, threat response protocol, and cell inspection protocol and procedures, among a litany of other unrelated areas, are not only irrelevant to Plaintiff's religious exercise claim," it may also compromise the safety of all individuals at the institution.

### B.     Defendants' Motion to Compel

Defendants seek to compel responses to Defendant Peterson's First Set of Interrogatories. Defendants also submit that Plaintiff failed to respond to their September 8, 2020, meet and confer letter regarding the outstanding interrogatories.

In opposition, Plaintiff submits that he has subsequently served responses to the outstanding interrogatories and Defendants' motion to compel is now moot. (ECF No. 110 at 1.)

Defendants did not file a reply to Plaintiff's opposition, and the time to do so has expired.

**Ruling:** Defendants' motion to compel is denied as moot as Plaintiff has now served responses to the outstanding discovery. (See ECF No. 111, at 2-3, 6.)

### IV.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on October 12, 2020, is granted in part and denied in part for the reasons set for above;
2. Within thirty (30) days from the date of service of this order, Defendants shall produce a copy of the unit log books for the period from July 25, 2018 to January 3, 2019, subject to redaction of any irrelevant and confidential information; and

///
///
///
///
///

3.     Defendants' motion to compel, filed on October 14, 2020, is denied as moot.

IT IS SO ORDERED.

Dated:    **December 10, 2020**

UNITED STATES MAGISTRATE JUDGE